**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **LEARLEY REED GOODWIN,** | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. RWT-13-2944 |
| | * | Civil Action No. RWT-14-2120 |
| | | Criminal No. RWT-04-00235 |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |
| | * | |

## <u>MEMORANDUM OPINION</u>

Pending are Petitioner Learley Reed Goodwin's Motions to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255.  ECF Nos. 1649, 1694.  Upon review of the papers filed, and for the reasons stated below, the Court will deny Goodwin's motions.

## BACKGROUND

The convictions underlying Goodwin's motions arose from a wide-ranging, multistate drug conspiracy led by Paulette Martin.  Based on his role in that conspiracy, Goodwin was charged with conspiracy to distribute controlled substances, possession with intent to distribute controlled substances and use of a communications device to facilitate narcotics trafficking. ECF No. 794.

After a lengthy trial, a jury of his peers convicted Goodwin.  ECF No. 935.  Specifically, the jury determined that Goodwin participated in a drug conspiracy involving 5 kilograms or more of cocaine and 50 grams or more of cocaine base, but determined that he was not involved in any conspiracy to distribute heroin.  *Id.*  The Court sentenced Goodwin to a term of life imprisonment.  ECF No. 1061.  Goodwin filed an appeal challenging his sentence and conviction

on January 16, 2007.  ECF No. 1063.  In a consolidated appeal, the Fourth Circuit affirmed

Goodwin's conviction and sentence.  *United States v. Goodwin*, 452 Fed. App'x 239

(4th Cir. 2011).

The Court received Goodwin's original petition on October 7, 2013.[1]  ECF No. 1649.

Goodwin asserts five grounds for relief:

1. Ineffective assistance of counsel due to counsel's failure to put on a defense. ECF No. 1649-1 at 3-7.

2. Violation of Sixth Amendment due to sentencing on the basis of facts not found by the jury. *Id.* at 7-9.

3. "A general jury verdict [requires] and entitles Learley Reed Goodwin to be resentence to the lowest available statutory penalty" (bracketing in original). *Id.* at 9-12.

4. Ineffective assistance of counsel due to counsel's failure to object to any sentence above the amount authorized by the jury, and failure to present mitigating evidence. *Id.* at 12-14.

5. Ineffective assistance of counsel due to counsel's failure to raise various sentencing errors on appeal. *Id.* at 14-16.

In his second § 2255 petition, Goodwin argues that his sentence should not have been enhanced

based on prior drug convictions, because those convictions were not for crimes punishable for

more than a year.  ECF No. 1694.

---

[1] Prior to the filing of this petition, Goodwin filed a motion for extension of time to file a § 2255 petition. ECF No. 1645.  In the government's opposition to Goodwin's petition, the government argues the petition is untimely.  ECF No. 1673 at 3.  However, the government acknowledges that the deadline for Goodwin to file his petition was October 1, 2013.  *Id.*  For statute of limitations purposes, a § 2255 petition is considered filed when it is deposited in the prison's internal mailing system.  *Houston v. Lack*, 487 U.S. 266, 270 (1988).  The envelope containing Goodwin's petition is stamped "October 1, 2013."  ECF No. 1649-2.  The Court will assume this indicates Goodwin actually deposited his petition with prison authorities on October 1, 2013, which would make the petition timely.  Because Goodwin timely filed his petition, his motion for extension is moot, and will be denied.

**ANALYSIS**

Under 28 U.S.C. § 2255(a), a prisoner in custody may file a motion to vacate, set aside, or correct a sentence, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pursuant to 28 U.S.C. § 2255(b), the Court may deny the motion without a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see, e.g.*, *Zelaya v. United States*, No. DKC 05-0393, 2013 WL 4495788, at *2 (D. Md. Aug. 20, 2013).

**I.      Goodwin Received Effective Assistance of Counsel**

Goodwin couches claims 1, 4, and 5 as ineffective assistance of counsel claims. However, only claim 1 warrants individualized attention here; claims 4 and 5 are intertwined with Goodwin's meritless claims regarding sentencing, and can be addressed in that section.  In order to establish ineffective assistance of counsel, Goodwin must satisfy the test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Under the *Strickland* test, Goodwin must show that his counsel's performance fell below an objective standard of reasonableness.  *Id.* at 687-88.  He must also show the deficient performance prejudiced him, i.e. that but for counsel's deficient performance, "there is a reasonable probability that…the result of the proceeding would have been different."  *Id.* at 693-94.  The Court is not required to accept unsupported, conclusory allegations of ineffective assistance.  *See Jones v. United States*, No. CIV.A. DKC 09-2922, 2013 WL 1105001, at *2 (D. Md. Mar. 15, 2013).

Goodwin has failed to meet this burden.  He claims that his attorney "had no defense theory for the accused," that he "shrunk from a constitutional premise to a mere trial spectator," and that there "were no defense witnesses presented."  ECF No. 1649-1 at 5.  As a factual matter, this is simply untrue.  Not only did Goodwin's attorney file a number of pretrial motions to improve Goodwin's standing at trial,[2] but he did, in fact, present a defense.  Several witnesses testified for Goodwin.  ECF No. 1212 at 55, 70, 91, 113, 160.  Indeed, Goodwin testified on his own behalf at trial, during which time he had an opportunity to directly present to the jury his defense theory.[3]  To the extent Goodwin's attorney did not submit a defense theory, it was because no credible defense theory existed in the face of the evidence of Goodwin's guilt.[4]  Notably, Goodwin does not say what theory of defense should have been presented that was not, what witnesses should have been called that were not, or in any other way specify what his attorney should have or could have done differently to obtain a different outcome.  Goodwin's ineffective assistance of counsel claim is nothing more than a conclusory, after-the-fact, and factually incorrect argument that because he lost, his counsel was not effective.  This claim fails.

## II.  Goodwin's Sentence Was Lawful

### A.  Goodwin's Sentence was Supported by the Verdict

Goodwin was found guilty by a jury of his peers of conspiring to distribute at least 5 kilograms of cocaine.  ECF No. 935.  The maximum penalty authorized by statute for this offense is life imprisonment.  21 U.S.C. § 841(b)(1)(A)(ii).  Thus, the jury did not need to find

---

[2] *E.g.* ECF No. 420 (motion to dismiss indictment); ECF No. 423 (motion to compel disclosure of information regarding confidential informants, witnesses, and cooperating criminals).

[3] Goodwin's attorney claims, and Goodwin does not deny, that he advised Goodwin *not* to testify on his own behalf. ECF No. 1673-1 at 2.

[4] Following Goodwin's cross-examination, counsel for four of Goodwin's codefendants moved to sever trials based on the spillover effects from Goodwin's testimony.  ECF No. 1202 at 167-168.

any other fact to authorize Goodwin's sentence of life imprisonment.  Goodwin's argument is based on a fundamental, if common, misunderstanding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  *Apprendi* only held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the *prescribed statutory maximum* must be submitted to a jury." *Id.* at 490.

There was no fact not submitted to the jury that increased the prescribed statutory maximum.  *Apprendi*, by its terms, does not apply to facts that merely increase a defendant's sentencing guidelines range.  The Court was well within its authority to sentence Goodwin to any sentence within the statutory limits subject to proper exercise of its sentencing discretion.  *See Alleyne v. United States*, 133 S. Ct. 2151, 2163 ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury.").  A part of that exercise of discretion involves judicial fact-finding to determine the facts relevant to imposing an appropriate sentence.  *See id.*  That the Court found facts which increased Goodwin's guideline range to life is not, by itself, a constitutional violation where that sentence was authorized by statute.  This claim fails.

### B. Goodwin was not Entitled to be Sentenced as if he was Convicted of Distributing Heroin

Goodwin argues that, because he was charged with distributing multiple types of drugs, his conviction by a general verdict entitles him to be sentenced as if he was only convicted of distributing the drug which carries the lowest statutory penalty.  ECF No. 1649-1 at 9-12.  This argument is without merit.

Goodwin's claim fails because he was *not* convicted by a general verdict.  The jury determined what substances Goodwin was responsible for distributing (cocaine and crack, but

not heroin), and the minimum amount he was responsible for (at least 5 kilograms of cocaine, and at least 50 grams of crack).  ECF No. 935.  This was a quite specific verdict, and it left no doubt as to which of the charged substances, and which of the charged amounts, the jury determined Goodwin was responsible for.  If there is any confusion on Goodwin's part as to exactly what crimes he was convicted of, it can only be because he was not listening when his verdict was read to him.[5]

### C.  Ineffective Assistance of Counsel with Regard to Sentencing

Goodwin argues that his attorney was ineffective at sentencing and on appeal.  The crux of this argument is that his attorney failed to object at sentencing, and failed to raise on appeal, the supposedly improper judicial fact-finding that led to the imposition of a life sentence.  ECF No. 1649-1 at 12-13, 15.  As explained above, Goodwin's claims regarding the legality of his sentence are without merit.  His life sentence is authorized by statute based on the jury's verdict.  Goodwin's attorney cannot have been ineffective for not raising meritless issues.[6]  Goodwin also argues his attorney was ineffective for failing to submit mitigating evidence.  *Id.* at 12-14.  Factually, this is untrue.  Goodwin's attorney insisted that mitigating evidence be

---

[5] Goodwin's argument is without merit legally as well.  The case he cites for the proposition that a general jury verdict where a defendant is charged with distributing multiple drugs entitles a defendant to be sentenced on the basis of the substance with the lowest possible sentence actually stands for the exact opposite proposition. *Edwards v. United States*, 523 U.S. 511, 513 (1998) ("We agree that in the circumstances of this case the judge was authorized to determine for sentencing purposes whether crack, as well as cocaine, was involved in the offense-related activities.").

[6] Goodwin also argues his attorney was ineffective for failing to cite *United States v. Booker*, 543 U.S. 220 (2005), which struck down the mandatory aspect of the Sentencing Guidelines.  ECF No. 1649-1 at 15-16.  Since *Booker* was decided before Goodwin was sentenced, Goodwin was not sentenced to life because the Sentencing Guidelines mandated it.  Rather, he was sentenced to life because, having calculated the guidelines range *and* considering the factors set forth in 18 U.S.C. § 3553(a), including the nature of the offense and the long criminal history of Goodwin, the Court determined a life sentence was appropriate.  Thus, Goodwin's argument in a supplemental to his petition that sentencing him to life imprisonment was a violation of the Ex Post Facto clause under *Peugh v. United States*, 133 S. Ct. 2072 (2013), because *Booker* effected no change on Goodwin's punishment, except to require that the Court exercise appropriate discretion in imposing a life sentence, which it did.

included in his presentence report, and also presented this evidence in his sentencing memorandum.  ECF No. 1027.

### III. Goodwin is not Entitled to a Resentencing Based on *Descamps v. United States*

Goodwin, in his second § 2255 petition, argues that he is entitled to sentencing relief based on *Descamps v. United States*, 133 S. Ct. 2276 (2013), because prior convictions used to enhance his sentence were not punishable by a term of over one year.  ECF No. 1694.  As an initial matter, *Descamps* dealt with the circumstances in which a court can use the "modified categorical approach" to determine whether a prior conviction can be used to determine that a defendant is an "armed career criminal."  *Descamps*, 133 S. Ct. at 2281-82.  The Court did not use the modified categorical approach, so *Descamps* is irrelevant.

Further, Goodwin's contention that none of his convictions were for crimes punishable by more than a year of prison is patently false.  Goodwin's extensive criminal history includes at least two  prior drug convictions that could have been used to enhance his sentence in this case, which were not only each punishable by more than a year in prison, but for which Goodwin was *actually sentenced* to more than a year in prison, including a 1975 conviction for possession with intent to distribute heroin for which Goodwin was sentenced to 15 years, and a 1987 conviction for conspiracy to distribute cocaine for which Goodwin was also sentenced to 15 years.  This claim is without merit.

### CERTIFICATE OF APPEALABILITY

Goodwin may not appeal this Court's denial of relief under 28 U.S.C. § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 Fed. Appx. 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Goodwin has made a

"substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *Hardy*, 227 Fed Appx. at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 Fed. Appx. 296, 297 (4th Cir. 2009).

This Court has assessed the claims in Goodwin's motions to vacate his sentence on the merits and found them deficient. No reasonable jurist could find merit in any of Goodwin's claims, and therefore no certificate of appealability shall issue.

## CONCLUSION

For the aforementioned reasons, Goodwin's motions will be denied and no certificate of appealability shall issue.  A separate Order follows.

Date: <u>June 4, 2015</u>        _____/s/_____
       ROGER W. TITUS
       UNITED STATES DISTRICT JUDGE